UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAELLA G. KATZ, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br>  v.<br><br>MAREX GROUP PLC, IAN THEO LOWITT, and CRISPIN ROBERT JOHN IRVIN,<br><br>        Defendants. | Case No. 1:25-cv-08368-RA-SDA<br><br>CLASS ACTION |
| RAVISHANKER NARAYANAN, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br>  v.<br><br>MAREX GROUP PLC, IAN LOWITT, and ROBERT IRVIN,<br><br>        Defendants. | Case No. 1:25-cv-08393-RA-KHP<br><br>CLASS ACTION |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR RESPONSE TO MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF(S) & CROSS-MOTION TO CONSOLIDATE**

Defendants Marex Group PLC, Ian Lowitt, and Robert Irvin (collectively, "Defendants") file this memorandum in response to the Motions for Appointment as Lead Plaintiff(s) and in support of their Cross-Motion to Consolidate.

Two virtually identical putative securities class actions have been filed in this District and are before this Court: *Katz v. Marex Grp. PLC, et al.*, Case No. 1:25-cv-08368-RA (the "*Katz*

Action"), and *Narayanan v. Marex Grp. PLC, et al.*, Case No. 1:25-cv-08393-RA (the "*Narayanan*

Action"). The *Katz* Action was filed first and assigned to this Court, and, because of the overlaps

between the two cases, the *Narayanan* plaintiff filed a Statement of Relatedness before this Court.

*See Narayan Action*, ECF No. 7. On December 8, 2025, competing Motions for Appointment as

Lead Plaintiff(s) were filed in both actions. *See Narayanan* Action, ECF Nos. 21-28; *Katz* Action,

ECF Nos. 17-19.[1] However, the lead plaintiff motions did not include motions to consolidate the

two cases—as is typical when similar securities cases have been filed.[2]

There is no reason to have two separate cases involving the same claims against the same

Defendants based on the same alleged conduct. As described below, and consistent with the statute

governing these cases, Defendants request that the Court consolidate the *Katz* and *Narayanan*

Actions before resolving any lead plaintiff motions and, in addition, cross-move for consolidation.

There are no differences between the two cases that outweigh the interests of judicial economy

served by consolidation.

**ARGUMENT**

**I.    THE PSLRA REQUIRES CONSOLIDATION TO BE RESOLVED BEFORE A LEAD PLAINTIFF IS APPOINTED.**

The *Katz* and *Narayanan* Actions both assert claims under the federal securities laws and

are, therefore, governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii). The PSLRA expressly addresses what should happen in this

---

[1] One lead plaintiff movant, Judy Joos, filed a notice of non-opposition to competing motions for appointment as lead plaintiff on December 22, 2025. *Narayanan* Action, ECF No. 29.

[2] *See, e.g.*, Motions for Consolidation, Appointment of Lead Plaintiffs, and Approval of Motions for Selection of Counsel, *In re: Philip Morris Int'l Securities Litigation*, No. 1:18-cv-08049-RA (S.D.N.Y.) (Abrams, J.), ECF Nos. 42-48, 51-54, 60, 65-78, 82-83; *In re Adient PLC Sec. Litig.*, No. 1:18-CV-09116-RA (S.D.N.Y.) (Abrams, J.), Nos. 20-41 (same); *In re Global Brokerage, Inc. f/k/a FXCM Inc. Sec. Litig.*, No. 1:17-CV-00916-RA (S.D.N.Y.) (Abrams, J.), ECF Nos. 11-33 (same).

2

situation: "If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, ***the court shall not make the determination . . . until after the decision on the motion to consolidate is rendered***." 15 U.S.C. § 78u-4(a)(3)(B)(ii) (emphasis added); *see also Katz* Action, ECF No. 6, at 2 (same); *Narayanan* Action, ECF No. 10, at 2 (same). Consolidation of the *Katz* and *Narayanan* Actions therefore must be addressed before the Court considers lead plaintiff appointment.

## II.    CONSOLIDATION OF THESE OVERLAPPING CASES IS NECESSARY

As described above, the PSLRA requires consolidation where multiple actions under securities laws assert "substantially the same claim." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Turpel v. Canopy Growth Corp.*, 704 F. Supp. 3d 456, 464 (S.D.N.Y. 2023) ("[C]onsolidation should occur where multiple actions under securities laws assert 'substantially the same claim.'") (quoting 15 U.S.C. § 78u-4(a)(3)(B)(ii)). Similarly, under Federal Rule of Civil Procedure 42(a), the Court may order consolidation when the cases before the court "involve a common question of law or fact." *See* Fed. R. Civ. P. 42(a). Absent prejudice to the defendants, "[c]onsolidation of multiple actions alleging securities fraud is appropriate where those actions relate to the same public statements and reports." *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 322 (S.D.N.Y. 2004) (citations omitted). "Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

Here, the two actions involve almost identical questions of law and fact. Plaintiff in the *Narayanan* Action admits as much in the Statement of Relatedness it filed recognizing that both actions plead Section 10(b) and 20(a) claims under the Securities Exchange Act against the same

3

Defendants and that "[b]oth actions concern the same or similar underlying facts or events during a similar period of time." *Narayanan* Action, ECF No. 7, Statement of Relatedness.  Indeed, both actions challenge a substantially similar set of statements and omissions as false based on the same theory—*i.e.*, that these statements allegedly misrepresented Marex's reported liquidity, cash flow, revenues, and profitability.  *Compare Katz* Compl. ¶ 29 (alleging false and misleading statements in Marex's November 7, 2024 press release announcing third quarter 2024 financial results) *with Narayanan* Compl. ¶ 21 (alleging same disclosures as false); *compare Katz* Compl. ¶ 32 (alleging false and misleading statements in Marex's March 6, 2025 press release announcing fourth quarter and full year 2024 financial results) *with Narayanan* Compl. ¶ 22 (alleging same disclosures as false).  Finally, the two complaints allege a substantially similar putative class period: August 14, 2024 to August 5, 2025 for the *Katz* Action, and May 16, 2024 to August 5, 2025 for the *Narayanan* Action.  *Compare Katz* Compl. ¶ 35 *with Narayanan* Compl. ¶ 1.

Consolidation is therefore proper, and any asserted differences between the two actions do not outweigh the interests of judicial efficiency from consolidation.  *See Gelfond*, 240 F.R.D at 91; *Canopy Growth*, 704 F. Supp. 3d at 464 ("[A]ctions need not be 'identical' to allow for consolidation. . . .  The actions need only assert 'substantially the same claim,' as is the case here.") (citations omitted); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004) ("Consolidation is appropriate when, as here, there are actions involving common questions of law or fact. . . .  That certain defendants are named in only one or some of the complaints does not require a different result. . . .  Nor do differences among the class periods proposed preclude consolidation."); *Hardy v. MabVax Therapeutics Holdings*, 2018 WL 4252345, at *2 (S.D. Cal. Sept. 6, 2018) (consolidating two putative securities class actions despite differences in putative class and class period).

There is no question that consolidation is warranted here.

## III. DEFENDANTS OPPOSE APPOINTMENT OF SEPARATE LEAD PLAINTIFFS IN EACH ACTION

Defendants take no position on the pending motions for appointment as lead plaintiff in the *Katz* Action and the *Narayanan* Action other than that, for the reasons noted above, they oppose the appointment of a separate lead plaintiff in each action (and the appointment of any lead plaintiff until consolidation is resolved).

## CONCLUSION

For the reasons set forth above, Defendants request that the Court consolidate the *Katz* and *Narayanan* Actions and appoint lead plaintiff(s) in a consolidated action.

Dated:      January 9, 2026                    Respectfully submitted,
            New York, New York

                                               LATHAM & WATKINS LLP

                                               By: /s/ Jeff G. Hammel
                                               Jeff G. Hammel
                                               Jason C. Hegt
                                               Chengliang (Larry) Hong
                                               1271 Avenue of the Americas
                                               New York, NY 10020
                                               Tel: (212) 906-1200
                                               jeff.hammel@lw.com
                                               jason.hegt@lw.com
                                               larry.hong@lw.com

                                               *Attorneys for Defendants Marex Group PLC,*
                                               *Ian Lowitt, and Robert Irvin*

## CERTIFICATE OF COMPLIANCE

I certify pursuant to Local Rule 7.1(c) and Rule 4(a) of Judge Ronnie Abrams's Individual Rules of Practice that this Memorandum of Law was prepared on a computer using Microsoft Word.  The total number of words in this brief, excluding the caption, signature block, and this certification is 1,160.  In preparing this certification, I relied on the word count program in Microsoft Word.

/s/ Jeff G. Hammel
Jeff G. Hammel