**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAELLA G. KATZ, Individually and on Behalf of All Others Similarly Situated, | Civil Action No.: 1:25-cv-08368 |
| Plaintiff, | CLASS ACTION |
| v. | |
| MAREX GROUP PLC, IAN THEO LOWITT, and CRISPIN ROBERT JOHN IRVIN, | |
| Defendants. | |

**PLAINTIFF MICHAELLA G. KATZ'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' CROSS-MOTION TO CONSOLIDATE**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 2

ARGUMENT ........................................................................................................................ 4

    I.      THE *KATZ* ACTION SHOULD NOT BE CONSOLIDATED WITH THE *NARAYANAN* ACTION ..................................................................4

    II.    SEPARATE LEAD PLAINTIFFS ARE REQUIRED IN EACH ACTION BECAUSE THE PLAINTIFF IN THE *NARAYANAN* ACTION IS NOT A SUITABLE LEAD PLAINTIFF FOR A CLASS OF SHORT SELLERS ............................................................................7

    III.   CONSOLIDATION IS ALSO UNNECESSARY WHEN PLAINTIFFS IN BOTH ACTIONS CAN COORDINATE TO AVOID DUPLICATIVE BRIEFING AND DISCOVERY ...................................8

CONCLUSION ..................................................................................................................... 8

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chill v. Green Tree Fin. Corp.*,
    181 F.R.D. 398 (D. Minn. 1998)............................................................................................6

*In re BP, PLC Secs. Litig.*,
    758 F. Supp. 2d 428 (S.D. Tex. 2010) ..................................................................................5

*In re Cent. Eur. Distrib. Corp. Secs. Litig.*,
    2012 WL 5465799 (D.N.J. Nov. 8, 2012) .........................................................................5, 8

*In re New Oriental Educ. & Tech. Grp. Secs. Litig.*,
    293 F.R.D. 483 (S.D.N.Y. 2013) .......................................................................................4, 5

*In re Repetitive Stress Injury Litig.*,
    11 F.3d 368 (2d Cir. 1993)....................................................................................................4

*Liberty Media Corp. v. Vivendi Universal, S.A.*,
    842 F. Supp. 2d 587 (S.D.N.Y. 2012)..................................................................................4

*Prefontaine v. Rsch. in Motion Ltd.*,
    2012 WL 104770 (S.D.N.Y. Jan. 5, 2012) ..........................................................................5

*R.W. Grand Lodge of Free & Accepted Masons of Pa. v. Meridian Cap. Partners, Inc.*,
    634 F. App'x 4 (2d Cir. 2015) ..............................................................................................4

**Statutes**

Securities Exchange Act of 1934 ("Exchange Act") ................................................................2, 3

Private Securities Litigation Reform Act ("PSLRA")...........................................................2, 3, 4

Plaintiff Michaella G. Katz ("Katz" or "Plaintiff") respectfully submits this memorandum of law in opposition to Defendants' Cross-Motion to Consolidate (the "Cross-Motion") this action (the "*Katz* Action") with *Narayanan v. Marex Grp. PLC, et al.*, Case No. 1:25-cv-08393-RA (the "*Narayanan* Action"). As set forth below, the Cross-Motion should be denied.

## PRELIMINARY STATEMENT[1]

Consolidation is inappropriate because the *Katz* and *Narayanan* Actions rest on entirely different classes and a distinct set of facts. Critically, the *Katz* Action alleges claims on behalf of a class of *short sale* investors, whereas the *Narayanan* Action alleges claims on behalf of a class of *purchase* investors. Further, the *Katz* and *Narayanan* Actions concern different periods and challenge different misstatements. The *Katz* Action alleges a class period between August 14, 2024 and August 5, 2025, whereas the *Narayanan* Action alleges a class period that begins on May 16, 2024. Additionally, the *Katz* Action challenges statements made during various earnings calls and investor conferences that are not pleaded in the *Narayanan* Action. Consequently, the *Katz* Action simply represents *different* investors seeking to protect their rights in connection with *different* allegations during a *different* class period.

Nevertheless, Defendants' motion argues that both actions allege "the same or similar underlying facts or events during a similar period of time." Cross-Motion at 4. But these bald conclusions are belied by the facts as forth below. Moreover, any concerns regarding judicial economy and efficiency can be cured by coordination between the two actions. The Court should deny the Cross-Motion in full.

---

[1]    Defined terms have the same definitions as in the complaint filed in the *Katz* Action on October 9, 2025 (the "Complaint"). ECF No. 1. Unless otherwise noted, all "¶" and "¶¶" citations refer to the Complaint.

**STATEMENT OF FACTS**

I.  **THE *KATZ* ACTION ALLEGES A CLASS ACTION ON BEHALF OF SHORT SELLERS**

The *Katz* Action is a federal securities class action, seeking to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder, on "behalf of all persons and entities that sold short Marex securities between August 14, 2024 and August 5, 2025." ECF No. 1 ¶1. The case was filed on October 9, 2025 against Marex Group PLC ("Marex"), Ian Theo Lowitt ("Lowitt"), and Crispin Robert John Irvin ("Irvin"). *Id.* On the same day, a Private Securities Litigation Reform Act ("PSLRA") notice was filed, alerting investors of the deadline to file for lead plaintiff in the action on "behalf of all persons other than Defendants who sold short Marex securities." ECF No. 7-1. Short selling is an investment strategy used to profit from a decline in a stock's price. An investor borrows shares, sells them on the market, and later buys them back to return to the lender. If the price falls, the investor profits; if it rises, the investor incurs a loss.

As a short seller class action, Plaintiff alleges false and misleading misstatements from: (i) an August 14, 2024 earnings call (ECF No. 1 ¶24); (ii) the September 10, 2024 Barclays 22nd Annual Global Financial Services Conference 2024 (*Id.* ¶28); (iii) the November 7, 2024 earnings call (*Id.* ¶29); and (iv) the March 6, 2025 earnings call (*Id.* ¶32). The theory of the case is that these misstatements harmed short sellers by artificially inflating a stock's price, forcing the short seller class to maintain or cover the position at a loss. The false or misleading statements can also delay the price decline the short seller anticipated, increasing carrying costs and the risk of a short squeeze. In other cases, misstatements may induce a short seller to enter or expand a position based on false or misleading information, leading to unexpected losses.

2

## II.    THE *NARAYANAN* ACTION ALLEGES A CLASS ACTION ON BEHALF OF PURCHASERS

The *Narayanan* Action also alleges Section 10(b) and 20(a) claims under the Exchange Act, but on "behalf of persons and entities that purchased or otherwise acquired Marex securities between May 16, 2024 and August 5, 2025." *Narayanan* Action, ECF No. 1 ¶1.  The case was filed on October 9, 2025 against the same Defendants.  On the same day, a PSLRA notice was filed, alerting investors of the deadline to file for lead plaintiff in a case on behalf of those who "purchased or otherwise acquired Marex securities." *Narayanan* Action, ECF No. 11-1.

As a purchase class action,  the *Narayanan* Action alleges false and misleading statements from: (i) the May 16, 2024 press release (*Narayanan* Action, ECF No. 1 ¶18); (ii) the May 16, 2024 UK Annual Report 2023 to Shareholders (*Id.* ¶19); (iii) the August 14, 2024 press release (*Id.* ¶20); (iv) the November 7, 2024 press release (*Id.* ¶21); (v) the March 6, 2024 press release (*Id.* ¶22); the March 21, 2025 annual report (*Id.* ¶23); the April 2, 2025 press release (*Id.* ¶25); the May 15, 2025 press release (*Id.* ¶26).  Although the *Narayanan* Action is on behalf of those who purchased or acquired "Marex securities," the exclusive focus of the action is the claims of equity purchasers.  For example, the loss causation allegations in the complaint only refer to the price movements of Marex stock.  *Id.* ¶¶32, 42-43, 45.

## III.    PROCEDURAL HISTORY

The PSLRA deadline for both actions was on December 8, 2025.  ECF No. 7-1; *Narayanan* Action, ECF No. 11-1.

Plaintiff Katz, a short seller, was the only movant in the *Katz* Action.  ECF No. 17; *see also* ECF No. 18-2 (showing Katz's short sale and short cover transactions).

Three movants, all purchasers of Marex stock, sought leadership in the *Narayanan* Action.  None of the three movants were short sellers.  *Narayanan* Action, ECF Nos. 22-3, 25-3, and 28-2.

3

Notably, none of these movants sought to consolidate the *Narayanan* Action with the *Katz* Action.

On January 9, 2026, Defendants filed a Cross-Motion to Consolidate the *Katz* and *Narayanan* Actions.  ECF No. 22.

## ARGUMENT

### I.    THE *KATZ* ACTION SHOULD NOT BE CONSOLIDATED WITH THE *NARAYANAN* ACTION

A party moving for consolidation "must bear the burden of showing the commonality of factual and legal issues in different actions, and a district court must examine the special underlying facts with close attention before ordering a consolidation."  *R.W. Grand Lodge of Free & Accepted Masons of Pa. v. Meridian Cap. Partners, Inc.*, 634 F. App'x 4, 6 (2d Cir. 2015) (*quoting In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993)).  A consolidation is only appropriate when it does not adversely affect the rights of the parties.  James William Moore et al., Moore's Federal Practice ¶42.10(5)(d)(i) (3d ed. 2011); *see also Liberty Media Corp. v. Vivendi Universal, S.A.*, 842 F. Supp. 2d 587, 593 (S.D.N.Y. 2012) (vacating consolidation where plaintiff would suffer prejudice, including the inability to bring certain claims).

Contrary to Defendants' assertion, the PSLRA does not "require[]" consolidation.  Cross-Motion at 3; *In re New Oriental Educ. & Tech. Grp. Secs. Litig.*, 293 F.R.D. 483, 487-89 (S.D.N.Y. 2013) (holding that "consolidation is not mandatory under the PSLRA").  Instead, consolidation remains improper where doing so would potentially prejudice some class members.  S*ee In re Cent. Eur. Distrib. Corp. Secs. Litig.* ("*CEDC*"), 2012 WL 5465799, at *8 (D.N.J. Nov. 8, 2012); *cf. Prefontaine v. Rsch. in Motion Ltd.*, 2012 WL 104770, at *1 (S.D.N.Y. Jan. 5, 2012).

Here, consolidation is not appropriate and would be highly prejudicial.  Defendants wrongly contend that both actions "concern the same or similar underlying facts or events during a similar period of time."  Cross-Motion at 4 (citation modified).  This is incorrect because the

*Katz* Action alleges a putative class of "all persons and entities that *sold short* Marex securities," whereas the *Narayanan* Action alleges a putative class of stock purchasers.  ECF No. 1 ¶35 (emphasis added).  Furthermore, the actions allege different periods of misconduct, and the *Katz* Action challenges different misstatements.  *Id.*

> **A.     Consolidation Is Not Appropriate Because the *Katz* Action Seeks Compensation for a Class of Short Sale Investors**

The crux of the dispute over consolidating the actions is the prejudice posed to the *Katz* Action, which seeks to represent a putative class of short sellers, whereas the *Narayanan* Action seeks to represent a putative class of purchasers.  Defendants' Cross-Motion does not address this prejudice.  Courts have often concluded that consolidation is not appropriate when two securities class actions posit to represent different types of investors, even when there is some overlap of claims or facts.  *See, e.g., In re New Oriental Educ.*, 293 F.R.D. 483 at 487-89 (ruling that securities action by option holder, as opposed to stock purchasers, would "proceed separately on a related, but not consolidated basis with the consolidated securities action"); *In re BP, PLC Secs. Litig.*, 758 F. Supp. 2d 428, 440-42 (S.D. Tex. 2010) (creating subclasses in a securities class action with distinct lead plaintiffs because "the [c]ourt's foremost concern at this stage is to preserve the claims of all potential class members"); *see also Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 405-07 (D. Minn. 1998) (holding that a securities class action on behalf of stock option purchasers should not be consolidated with a securities class action on behalf of stock purchasers).  As a result of the different investor classes and allegations, the evidence used to prove the claims in the *Katz* and *Narayanan* Actions will be different.  Thus, it would be clear prejudice to consolidate these two actions.

**B.      Consolidation Is Also Not Appropriate Because the *Katz* Action Alleges a Different Class Period and Challenges Different Misstatements**

Consolidation is also not appropriate because the allegations set forth in the *Katz* Action are decidedly different.  Specifically, the *Katz* Action alleges claims for the period of August 14, 2024 through August 5, 2025, whereas the *Narayanan* Action alleges a class that begins on May 16, 2024.  ECF No. 1; *Narayanan* Action ECF No. 1.  Additionally, the *Katz* Action alleges misstatements that are not pleaded in the *Narayanan* Action complaint.  For example, the complaint in the *Katz* Action alleges that, on August 14, 2024, Defendants made specific false and misleading statements concerning: (i) its liquidity ("[W]e continue to maintain prudent levels of surface capital and liquidity, which underpins our investment-grade credit ratings from both S&P and Fitch.  These levels of surplus capital and liquidity also ensure that we are well positioned in periods of market turmoil" ECF No. 1 ¶25 (citation modified)); and (ii) the strength of its Structured Notes program ("I think that we continue to see a lot of demand for sort of Marex and structured notes . . . would anticipate that we will be able to continue to grow broadly speaking, at the rates that we've grown historically for that particular product" (*Id.* ¶26)).  Furthermore, the *Narayanan* Action does not even allege any misstatements on September 10, 2024, when Marex presented at Barclays 22nd Annual Global Financial Services Conference 2024, where the Chief Financial Officer of Marex represented to investors how Marex uses Structured Notes to facilitate funding.  *Id.* ¶28.  Instead, the *Narayanan* Action largely relies on Marex's press releases to allege false and misleading statements.  *See Narayanan* Action, ECF No. 1 ¶¶18, 20-22, 25-26.  Consolidation of these actions alleging different periods and misstatements would frustrate, rather than promote, judicial efficiency.

6

**II. SEPARATE LEAD PLAINTIFFS ARE REQUIRED IN EACH ACTION BECAUSE THE PLAINTIFF IN THE *NARAYANAN* ACTION IS NOT A SUITABLE LEAD PLAINTIFF FOR A CLASS OF SHORT SELLERS**

Separate lead plaintiffs are required in each action because the plaintiff in the *Narayanan* Action does not have standing or apparent interest in prosecuting the claims of a short seller class. Neither of the movants in the *Narayanan* Action were short sellers (*Narayanan* Action, ECF Nos. 22-3, 25-3, and 28-2). Thus, the plaintiffs in the *Narayanan* Action do not have standing to assert claims on behalf of short sellers. Furthermore, the plaintiffs in the *Narayanan* Action did not seek to consolidate their action with the *Katz* Action. *Narayanan* Action, ECF No. 27. This was a deliberate choice, apparently evincing the view that the two actions are distinct and should remain so. Under these circumstances, consolidation under a single lead plaintiff would saddle the short seller class in the *Katz* Action with leadership that does not want to and cannot assert their claims.

Defendants' Cross-Motion does not address this prejudice. However, courts have recognized that under similar circumstances that consolidation under a single plaintiff is inappropriate. In *CEDC*, the court ruled that two related securities class actions should proceed separately because the lead plaintiff in the consolidated action could not pursue the claims of the second class. The *CEDC* court reasoned that "[c]onsolidation is unwarranted when prejudice would result. [Lead plaintiffs] have indicated that they will not prosecute the Grodko action claims. The Court would prejudice [the] Grodko [plaintiffs] by subjecting them to a lead plaintiff that would neglect their claims." 2012 WL 5465799, at *9-10 ("It seems clear, therefore, that the Court must ensure that all claims receive sufficient attention from representatives with interest in prosecuting them."). Similarly, in *Harold Roucher Tr. U/A DTD 09/21/72 v. Franklin Bank Corp.*, the court allowed preferred stockholders to appoint a separate lead plaintiff where the lead plaintiff in the common stock case lacked standing to assert the claims of the preferred stockholders and

7

did not assert claims belonging to the preferred stockholders in the amended complaint.  2009 WL

1941864, at *3 (S.D. Tex. July 6, 2009).

### III.    CONSOLIDATION IS ALSO UNNECESSARY WHEN PLAINTIFFS IN BOTH ACTIONS CAN COORDINATE TO AVOID DUPLICATIVE BRIEFING AND DISCOVERY

As discussed, Plaintiff opposes consolidation of the actions.  Although Plaintiff opposes

consolidation, they do not oppose pre-trial coordination where feasible, but only to the extent that

such coordination does not delay or prejudice (i) the class of short seller investors, (ii) Plaintiff's

rights to file their own papers and pleadings, and (iii) discovery.  Coordination should satisfy

Defendants' concern for judicial economy and efficiency, while simultaneously affording both

investor classes in these proceedings' fundamental fairness.

<u>CONCLUSION</u>

For all the foregoing reasons, Plaintiff Katz respectfully requests that the Court deny

Defendants' Cross-Motion.

DATED: January 15, 2026                    **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

 /s/ Mandeep S. Minhas
Mandeep S. Minhas
Thomas L. Laughlin, IV
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
mminhas@scott-scott.com
tlaughlin@scott-scott.com

*Counsel for Plaintiff Michaella G. Katz*

8

## <u>CERTIFICATE OF COMPLIANCE</u>
(Local Rule 7.1(c))

The undersigned counsel certifies that this Memorandum of Law complies with the length limits permitted by Local Rule 7.1(c).  The brief is 2,321 words and 8 pages, excluding the portions exempted by Local Rule 7.1(c), if applicable, and uses a proportionally spaced Times New Roman typeface, 12-point in compliance with Local Rule 7.1(b)(1).

/*s*/ Mandeep S. Minhas
Mandeep S. Minhas

*Counsel for Plaintiff Michaella G. Katz*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 15, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*/s/* Mandeep S. Minhas

Mandeep S. Minhas
